The Honorable Brent Davis Prosecuting Attorney Second Judicial District Craighead County Courthouse 511 Union, Suite 342 Jonesboro, AR 72401
Dear Mr. Davis:
You have requested an Attorney General opinion concerning the release, under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 et seq.) of certain documents in the prosecuting attorney's file after a decision not to pursue criminal charges has been made. The documents in question concern an individual who was ventilator-dependent and who allegedly died as a result of the ventilator becoming disconnected. The documents about which you have inquired are the following:
 • A police department offense report and investigative summary detailing police efforts made in investigation of the case. This report includes references to other reports and findings as well as the employment status of some people working for the various companies involved;
• Investigation report "A";
• Investigation report "B";
 • Prosecutor work product, including the results of calling the State Board of Nursing and requesting the status of a particular nurse;
• An autopsy report from the Arkansas Crime Lab;
• The opinion and impressions of the investigating officer;
• Ambulance transfer notes;
 • Medical notes and logs regarding the care of the deceased individual and kept by a health services company employee;
• Medical records and home health plan for the deceased individual;
 • Statements of the nurse attending the deceased at the time of death with comments by a police investigator;
• Ambulance log.
You have enclosed copies of some of these documents.
Your specific question is:
 Which of the above-listed documents are releasable after a decision not to pursue criminal charges has been made?
As an initial matter, I note that the contents of law enforcement investigatory files (including investigatory files maintained by prosecuting attorneys, see Op. Att'y Gen. No. 93-156) are generally not exempt from disclosure after the investigation has been completed. See
A.C.A. § 25-19-105(b)(6); Martin v. Musteen, 303 Ark. 656, 799 S.W.2d 540
(1990); Op. Att'y Gen. No. 98-127. However, particular documents and information contained in such files may fall under a separate exemption. For this reason, I will address the disclosability of the above-listed documents separately.
Before proceeding to do so, I must note that some information may be withheld from disclosure even if it is not subject to a specific exemption from disclosure — if it rises to a level worthy of constitutional protection. The Arkansas Supreme Court has recognized that the constitutional right of privacy can supersede the specific disclosure requirements of the Freedom of Information Act, at least with regard to the release of documents containing constitutionally protectable information. See McCambridge v. City of Little Rock, 298 Ark. 219,766 S.W.2d 909 (1989). The McCambridge court held that a constitutional privacy interest applies to matters that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed. The court further held that if these attributes apply to the matters in question, it must then be considered whether the governmental interest in disclosure under the Act (i.e., the public's legitimate interest in the matter) outweighs the individual's privacy interest in their non-disclosure. This potential constitutional issue must be considered before any document is disclosed.
I must also note that even though certain records and information may be exempt from disclosure under the FOIA, it is possible that it may be obtained through the process of discovery in the context of litigation.
Having noted these initial matters, I will proceed to evaluate the disclosability of the documents about which you have inquired.
The Police Department Offense Report
You provided a copy of this document. This document is disclosable under the FOIA, with certain exempt information redacted. The exempt information would be any quotations in the document from a report of the deceased individual's medical condition. These quotations would, in my opinion, qualify as "medical records," within the meaning of the FOIA. Such records are exempt from disclosure. A.C.A. § 25-19-105(b)(2). This office has previously construed the term "medical records" to apply to "records containing information relating to the treatment or diagnosis of a medical condition." See Ops. Att'y Gen. Nos. 98-202; 89-147. The quotations contained in this police department offense report constitute such information. Therefore, these quotations are exempt from disclosure and should be redacted from the record before the record is disclosed.
Investigation Reports "A" and "B"
These documents may not be disclosed. They are subject to the specific exemption from disclosure created by A.C.A. § 12-12-512(1).
Prosecutor Work Product
You did not provide a copy of these documents. I therefore cannot opine definitively with regard to their disclosability. Nevertheless, I will note that the FOIA contains no general exemption from disclosure of prosecutor work product that is not a part of an undisclosed (i.e.,
on-going) investigation. Generally, therefore, these documents are subject to disclosure. However, any information contained in these documents that is subject to a specific exemption must be redacted or withheld. For a list of the specific exemptions, see A.C.A. §25-19-105(b)(1)-(12).
You specifically inquired about information contained in these documents that reflects the results of calling the State Board of Nursing and requesting the status of a particular nurse. Again, there is no specific exemption in the FOIA for this type of information, but any exempt information that might be contained in it should be redacted.
The Crime Lab's Autopsy Report
The Crime Lab's autopsy report is subject to disclosure. This office has previously opined that autopsy reports that were prepared by the state crime lab but that are no longer in the possession of the crime lab are not covered by the exemption provided by A.C.A. § 12-12-312, and are subject to disclosure. See Ops. Att'y Gen. Nos. 97-294; 87-353.
The Opinion and Impressions of the Investigating Officer
You have not provided a copy of this document. I therefore cannot opine definitively with regard to its disclosability. Nevertheless, I will note that the FOIA contains no general exemption from disclosure of this type of document, if it is not a part of an undisclosed (i.e., on-going) investigation. Generally, therefore, this document is subject to disclosure. However, any information contained in it that is subject to a specific exemption must be redacted or withheld. For a list of the specific exemptions, see A.C.A. § 25-19-105(b)(1)-(12).
Ambulance Transfer Notes
You have provided a copy of the ambulance transfer notes. It is my opinion that this document can be withheld from disclosure under the exemption that is available for "medical records." The term "medical records" is not defined in the FOIA. This office has previously opined that the term encompasses records that have a relationship to the diagnosis or treatment of a medical condition. See Ops. Att'y Gen. Nos.98-202; 89-147. Accord, Op. Att'y Gen. No. 91-374. A determination of whether ambulance transfer notes (or any other document) constitute "medical records" must be made on a case-by-case basis. Having reviewed the ambulance transfer notes about which you have inquired, I conclude that they do constitute "medical records," because they contain specific information related to an individual's diagnosis and treatment.
The Medical Notes and Logs Regarding the Care of the Deceased Individual(Kept By a Health Services Company Employee)
You have provided a copy of these documents. Having reviewed them, I conclude that they can be withheld from disclosure under the exemption for "medical records," because they contain specific and extensive information related to an individual's diagnosis and treatment.
Medical Records and Home Health Plan for the Deceased Individual
You have provided a copy of these documents. Having reviewed them, I conclude that they can be withheld from disclosure under the exemption for "medical records," because they contain specific and extensive information related to an individual's diagnosis and treatment.
Statements of the Nurse Attending the Deceased at the Time of Death
You have provided a copy of this document. The FOIA does not contain an exemption from disclosure for this type of document. However, any references to the deceased individual's medical condition must be redacted prior to the disclosure of the document.
Ambulance Log
You have not provided a copy of this document. I therefore cannot opine definitively with regard to its disclosability. If the ambulance log contains any information that is subject to an exemption (for example, medical information about the patient, or the patient's social security number), that information should be redacted prior to disclosure of the document.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SBA/cyh